NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RAYMOND TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil 6:10-CV-075-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN E. D. WILSON, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Raymond Taylor is in the custody of the Federal Bureau of Prisons ("BOP") and currently confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. He has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. It is now before the Court for a preliminary review. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. 2002).[1] For the reasons set forth below, this matter will be dismissed.

**I.**

Raymond Taylor has been before this Court several times before, and one previous action is particularly relevant to this proceeding. Two years ago, on July 1, 2008, he submitted a *pro se* Petition complaining of the BOP's calculations of his sentence and his date of parole eligibility. *Raymond Taylor v. D.L. Stine, Warden*, No. 08-215-GFVT. Petitioner claimed that there were

---

[1] Because the Petitioner is not represented by an attorney, this Petition is reviewed under a more lenient standard than those submitted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the Petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

errors of fact in the computation and errors of law in that the BOP's recent calculations enhanced his punishment from that originally imposed for his sentences, a violation of the *ex post facto* clause of the U.S. Constitution.

Petitioner's claims were based on a series of robbery convictions in the District of Columbia Superior Court, obtained from 1989-1990, and a consecutive thirty-seven-month sentence obtained in federal court in 1990. The D.C. Department of Corrections' 1992 calculation of his sentences, shown in an attached exhibit, was for an aggregate of twenty-seven (27) to eighty-five (85) years, eight (8) months, and eight (8) days, with eligibility for parole in July 2011.

In 1998, Taylor's custodian changed from the D.C. Department of Corrections to the BOP, as part of the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act").[2] The Revitalization Act specifically provided that the BOP assume responsibility for computing the sentences of D.C. offenders incarcerated in BOP facilities and that the United States Parole Commission [hereinafter "USPC"] assume the duties of the D.C. Board of Parole.[3] At some point, the BOP calculated Taylor's sentence and found it to be much longer before eligibility for parole. Eventually, the BOP re-computed the Petitioner's sentence as even longer than its first calculation, a number which, in turn, affected his eligibility for parole. Taylor then filed suit No. 08-215-GFVT.

---

[2] Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, codified at D.C. ST. § 24-101(b), effective August 5, 1998.

[3] Since 1998, the USPC has possessed "exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons." *Id.; see* 28 C.F.R. § 2.80, *et seq*.

After the Warden filed a Response and the Petitioner submitted a Reply, the Court proceeded to consider the calculation and the *ex post facto* claims on the merits. On October 15, 2008, on a three volume record, the Court issued a Memorandum Opinion and Order, first addressing the mathematical issue as to the true length of Taylor's sentence.

This Court found that both the D.C. Board of Parole and the BOP had committed errors in the past in calculating the Petitioner's sentence. The Court also found, however, that there was no error in the most recent of the BOP's calculations, the correct mathematical result being a total (aggregate) of 111 years, which includes an aggregated minimum term of thiryt-seven years and a combined mandatory minimum term of fifteen years, citing Record No. 17, Exhibit N. Further, the Court noted that Taylor will not be parole eligible until 2018, and unless he is granted parole from the D.C. conviction(s), service of his federal sentence will not begin until November 29, 2054, the mandatory release date from his D.C. sentences.

As to the *ex post facto* claim in that case, the Court found that Petitioner's administrative documents failed to demonstrate that he had first exhausted that claim with the BOP, as Administrative Remedy No. 453044 regarded only the calculation of his sentence. Because exhaustion of the BOP regime is judicially mandated for the Court to entertain any claim presented in a Section 2241 habeas proceeding, this Court did not address the apparently un-exhausted *ex post facto* claim but dismissed it without prejudice to Taylor's exhausting that issue with the BOP and then re-filing the claim.

One year later, the Petitioner has come to this Court alleging that he has now exhausted the BOP administrative remedy process on the *ex post facto* claim, and he points to attached documents exchanged in Administrative Remedy No. 541217 to demonstrate that exhaustion. He specifically alleges that the BOP has imposed a newer regulation which is more burdensome

3

than those in place when he committed his crimes. Therefore, the BOP's calculation, resulting in a longer sentence, increases the punishment from that imposed at the time of the commission of his crimes and constitutes a violation of the *ex post facto* clause.

## II.

Raymond Taylor's exhibits, however, do not demonstrate exhaustion of the BOP administrative process on his Constitutional claim. The administrative program available to federal prisoners is set out in 28 C.F.R. § 542.10-.19. It consists of a four-tiered administrative scheme which can be used by inmates who are unhappy with any aspect of their confinement in BOP institutions. Section 542.13(a) demands that an inmate first informally present his request or complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve the issue, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the warden where he is incarcerated.

If the inmate is not satisfied with the warden's response, then he has twenty days from the date of the Warden's response in which to appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, within thirty days after the date of the Regional Director's response, he may appeal to the Office of General Counsel of the BOP, (BP-231, formerly BP-11). *See* § 542.15 (a)-(b).

The administrative documents now attached in this case reveal that the Petitioner has again espoused the 1992 DC Department of Corrections' calculation as the correct one, and that

he has again asked for the same relief, *i.e.*, that the calculation of his sentence be "placed back at its original date . . . calculated by the D.C. Dept. of Corrections in 1992." Unsurprisingly, the BOP's response was the same, *i.e.*, the BOP again explained why the most recent, higher calculation is the correct one.

Of the four forms which a prisoner must use while exhausting the BOP administrative process, the instant Petitioner has submitted only one to the Court. In the middle of that document Petitioner does use the phrase "ex post facto." However, that form was submitted *after* the filing of all three of the other forms, the contents of which are not known. Further, that one reference is found in a sentence referring to a prior calculation of his sentence – not in the clause complaining about when "the B.O.P. re-calculated my sentence again."

Nor does the Petitioner submit all four of the responses from the BOP. He submits two, from the second and last levels of appeal. Both are consumed with a detailed explanation of how the calculations of his sentence were first mistaken and later corrected. Neither of these two responses reflect that the responding BOP official understood that the prisoner was making an *ex post facto* claim. Nor do the six notices from BOP administrative remedy personnel reflect a Constitutional claim. They all characterize the subject of the grievance to be "other sentence computation."

The fact that the Petitioner has furnished only a partial record is inconsistent with his stated intent of initiating a new administrative remedy in order to prepare a record for another Section 2241 proceeding. As this Court noted in Taylor's 2008 case, No. 08-215, exhaustion of administrative remedies prepares a record for the assistance of the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The instant Petitioner has failed to show that his *ex post facto* claim was decided against him or was ignored even though he

submitted four separate forms clearly urging the *ex post facto* claim.  Therefore, he has again failed to demonstrate exhaustion of his Constitutional claim; he has failed to prepare a record for the Court; and his cause of action will be dismissed, again, without prejudice to his re-filing upon a clear showing of proper exhaustion.

### III.

Accordingly, **IT IS ORDERED** as follows:

(1)     Raymond Taylor's Petition for Writ of Habeas Corpus is **DENIED**;

(2)     Petitioner Taylor's cause of action will be **DISMISSED** from the docket of the Court, without prejudice; and

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 27th day of May, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge